# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### 3: 95cr105

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| RYAN ONEIL LITTLE, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the court on defendant's Motion for Removal of the October 30, 2012, Order (#131), in which the court determined that defendant did not qualify for relief under the *Fair Sentencing Act of 2010* inasmuch as the cross-reference to murder prevented any change in the guideline calculations .

In the instant *pro se* motion, defendant contends that court-appointed counsel, Thomas Norman Cochran, never contacted him before filing the "Notice of Ineligibility Regarding Crack Cocaine Offense" (#127). Review of the pleadings as well as the Standing Orders of this court reveals that Mr. Cochran was appointed to represent defendant on any potential claim under the FSA. See In re: Motions Based on Retroactive Crack Cocaine Guidelines Amendment, Amended Order (#2), 3:11mc179 (W.D.N.C. August 10, 2012). Due to the varying situations among a large number of inmates, the Amended Order provided appointed counsel with specific direction where counsel, after consulting with defendant, determined that defendant was already represented, did not want court appointed counsel and wished to seek private counsel, or simply did not wish to file a counseled motion. See Amended Order, at ¶ 5. In that context, the Amended Order required appointed counsel to "notify the defendant and inquire whether he or she wishes to file a motion," id. at ¶ 5, as well as

requirements for documenting any decision to forego filing a motion. Id., at ¶ 5(c).

Such requirement of inquiry was, however, only set forth in the context of potentially *meritorious* claims. Id. It did not address what inquiry should be made in situations where the FDO determined that the defendant did not have a meritorious motion. It is silent as to what steps appointed counsel should take in consulting with the defendant in the event such counsel determines on initial screening that no relief is available under the FSA. Thus, it is within the realm of possibility that he was not consulted, as the notices filed by Mr. Cochran on defendant's behalf do not reflect consultation with defendant or that defendant was served with a copy of such notices.[1]

* * *

The court will, therefore, require Mr. Cochran to file with the court an affidavit concerning what efforts he made in contacting defendant for purposes of determining whether defendant agreed to such representation as well as whether defendant agreed to the filing of such notice of appearance and notice of ineligibility. The court will hold defendant's motion in abeyance pending such filing. Defendant is forewarned, however, that even if counsel filed such notice improvidently, § 3582 allows for the court to make the same motion *sua sponte* as part of its comprehensive review of cases potentially impacted by the FSA.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Mr. Cochran file an affidavit with the court within 14 days as herein provided. Counsel is allowed to file such affidavit under seal and *ex parte* if he believes that such affidavit contains or reflects privileged communications.

---

[1] ECF is not a method for counsel to effect service of *pro se* incarcerated defendants. L.Cv.R. 5.3(B)

As this Order may impact other cases now pending, or the manner in which the FDO implements the Amended Standing Order -- at least in cases assigned to the undersigned -- the Clerk of Court is instructed to send a copy of this Order to the Federal Defender, Henderson Hill. A courtesy copy of this Order shall also be sent to USPO Deputy Chief Ervin.

Signed: November 20, 2012

Max O. Cogburn Jr.
United States District Judge